MORRISON, RESPONDENT, *v.* MORRISON, APPELLANT.

[Submitted October 3, 1893. Decided January 2, 1894.]

MARRIAGE AND DIVORCE—*Special findings.*—Special findings may be properly submitted to and passed upon by the jury in a divorce suit, under section 275 of the Code of Civil Procedure.

SAME—*Habitual drunkenness and cruelty—Condonement.*—Habitual drunkenness, acts of violence, abuse, and frequent abandonment of a wife by her husband, during a period of several years preceding a final separation in January, 1889, are not condoned by a cohabitation together until October, 1888, when the defendant, shortly before the commencement of an action for divorce in April, 1889, while intoxicated had broke into plaintiff's house, armed with a pistol, and threatening to kill her drove her to seek refuge with a neighbor.

SAME—*Evidence—Neglect to support.*—While neglect of a husband to support his wife is not a ground for divorce in this state, such neglect may be proved in an action for divorce sought upon the grounds of habitual drunkenness and extreme cruelty, when confined to showing the tenor of defendant's conduct towards his wife.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for divorce. Decree was rendered for the plaintiff below by PEMBERTON, J. Affirmed.

*Thompson Campbell,* for Appellant.

*J. S. Shropshire,* for Respondent.

HARWOOD, J.—Plaintiff sought and obtained a divorce from the bonds of matrimony existing between herself and defendant; and also the custody of four infant children of said marriage, ranging in age from two to eight years, together with alimony and costs of suit.

The grounds alleged for such divorce are, habitual drunkenness on the part of defendant for a period of more than one year immediately prior to the commencement of the action; and extreme cruelty in the treatment of plaintiff by defendant through his threats of violence toward her; and false accusations charging her with infidelity to her marriage vows, all of which is particularly alleged. And by reason thereof plaintiff alleges that she has suffered great mental and physical distress; that her health has been greatly injured, her happiness and peace of mind destroyed, and that her personal safety in longer living with defendant in the bonds of matrimony is endangered. Wherefore her prayer for divorce therefrom and alimony and costs of suit.

Plaintiff's allegations were put in issue by defendant's answer, and the court proceeded to try the cause with a jury, the result of which was a finding in favor of plaintiff by both general and special verdict. Whereupon judgment was entered dissolving the bonds of matrimony existing between plaintiff and defendant, and awarding plaintiff the sole care and custody of said infant children, and alimony for counsel fees in the sum of two hundred and fifty dollars; and it having been made to appear that defendant was the owner of one hundred thousand shares of capital stock of the "Golden Gate Mining Company," a corporation organized and existing under the laws of the state of Montana, it was decreed that defendant should transfer and deliver to plaintiff fifty thousand shares of said capital stock, as permanent alimony, to be used by plaintiff toward the support and education of said children.

Defendant prosecuted this appeal from the judgment, and from an order overruling his motion for a new trial, but presents no brief of points and authorities relied upon to obtain a reversal of the conclusion reached by the court below. The statement of the case on motion for new trial, however, contains certain specifications of alleged errors and irregularities.

1. It is specified that "the court erred in permitting the jury to pass on special findings presented to them in this case, the verdict of the jury should have been general." It appears from the record that the jury returned a general verdict in favor of plaintiff, but also returned special findings on several propositions submitted. There is no statute forbidding special findings in such a case, nor has appellant cited any authority to support his contention. Moreover, the statute of this state provides for submission of special findings to be returned by the jury (Code Civ. Proc., § 275), and there is no exception made as to divorce suits. Indeed, the divorce statute provides that the same rules of proceeding shall prevail "as in other cases in chancery"; and special verdicts are common in chancery practice. We find no merit in the first specification.

Nor is there any logical coherency in specifying that the court erred in allowing the jury to return any thing more than a general verdict, and, secondly, specifying that the general verdict in favor of plaintiff ought to be vacated because the jury did not answer all the special questions propounded. In the second specification it is argumentatively urged that the general verdict should be set aside, because the jury did not find whether or not plaintiff and defendant cohabited together up to the 1st of October, 1888; that if the parties cohabited together up to that time it would manifest condonation. The jury did not so find, and there is no ground for claiming forgiveness or condonation of any of defendant's offenses against his marriage vows alleged in this case. The history of his conduct toward plaintiff, as shown by the evidence, is that of continued drunkenness, acts of violence, false accusations, threats, and abuse of plaintiff for several years past during their residence about mining camps in this state; with frequent abandonment of plaintiff and said children for considerable periods of time, and final separation in January, 1889, followed by this suit for divorce instituted by the wife in April, 1889. And, as appears from the evidence in the record, defendant continued his habits of drunkenness, as well as his acts of cruelty towards plaintiff, up to near the time of commencing this suit; and the same seems, from the evidence, to have increased in intensity and aggravation, rather than to have abated

in any degree, as time went on.  Shortly before commencement of this suit plaintiff was driven from her house by defendant's last visit, when he broke in the door, armed with a pistol, threatening to kill plaintiff.  He was then in an intoxicated condition.  Plaintiff sought refuge and a hiding-place in a neighbor's house, to escape from the abuse and threatened assault, and injury by defendant, which plaintiff testified she feared.  There is no ground to claim condonement under the facts shown in this case.

The third specification is to the effect that the court erred in allowing proof of defendant's neglect to provide necessaries for the support of plaintiff, but left her and said children destitute thereof, and thereby cast upon her the whole burden of the care and support of said children.  It appears that plaintiff was without means of support, and that she maintained herself and said children by employment at teaching school and otherwise.  Objection was made to the introduction of this evidence on the ground that such neglect is not made by statute cause for divorce in this state.  The evidence of defendant's delinquency in this respect appears to have been admitted to throw light upon his conduct toward plaintiff, alleged in the pleadings and supported by proof, and not as ground of divorce; for the court instructed the jury that "neglect or refusal of defendant to support plaintiff is not ground of divorce under the laws of this state."  And, by the observations of the court when that testimony was admitted, it was to be confined to showing the general tenor of defendant's conduct toward plaintiff.  And thus confined by the observations of the court, when that testimony was admitted and also curtailed in its effect by the instruction mentioned, we think there was no error in admitting the proof of such delinquency on defendant's part.  The duty to support the wife and child as comfortably, and according to their station in life, or as comfortably as the husband is able to provide, is not the least among the duties assumed by him in the marriage bond.  Possibly, however, in this case, it was the least among defendant's offenses against his marital duties.  Neglect to support the wife, although not ground for divorce here, is made so by statute in several states, thus showing that it is considered an offense of no light

character, where the wife is without means for maintenance; and we think proof of such neglect, confined, as it was in this case, to an interpretation of defendant's other conduct and disposition towards plaintiff, was not error, especially where the record shows that the case was fully made out on other grounds.

The other specifications go to the point that the evidence is insufficient to support the verdict. The jury in the court below found the contrary, and the record shows abundant support for that view. The order denying a new trial and the judgment is therefore affirmed with costs.

*Affirmed.*

DE WITT, J., having been counsel for one of the parties in the commencement of this case, did not engage in the foregoing consideration.

PEMBERTON, C. J., concurs.